IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| C-CATION TECHNOLOGIES, LLC, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 2:14-cv-00059-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| TIME WARNER CABLE INC., et al., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**

C-Cation filed this lawsuit on February 4, 2014, accusing the defendants of infringing claims 1, 3, and 4 of U.S. Patent No. 5,563,883. This lawsuit and several others filed by C-Cation prompted defendants and other entities to petition the Patent Trial and Appeal Board (PTAB) for inter partes review (IPR) of the '883 patent. The PTAB has since found claims 1, 3, and 4 of the '883 patent to be unpatentable, and the Federal Circuit has affirmed the PTAB's decision. *See C-Cation Techs., LLC v. Arris Grp., Inc.*, 695 F. App'x 574 (Fed. Cir. 2017). With C-Cation's appeal now terminated, and the Federal Circuit's mandate issued, the Director of the Patent Office must cancel the unpatentable claims. *See* 35 U.S.C. § 318(b). But the Director has not yet done so. Nevertheless, given the state of the parallel proceedings, the defendants filed a motion to lift the stay, which was entered to permit the PTAB to review the asserted claims. The defendants have also filed a motion to dismiss the lawsuit on the basis of collateral estoppel. For the following reasons, the stay is lifted, and the Court recommends that the action be dismissed with prejudice.

**DISCUSSION**

The asserted claims of the '883 patent have not yet been cancelled by the Patent Office, although a cancellation certificate is due. *See* § 318(b). The claims have, however, been found

1

unpatentable by the PTAB, and this decision has been affirmed by the Federal Circuit, which denied C-Cation's motion to stay issuance of the mandate pending disposition of C-Cation's cert petition. The mandate issued on September 18, 2017.

The defendants argue only for collateral estoppel and have chosen not to argue that because cancellation of the asserted claims is due, C-Cation effectively has no legal right to assert. *See Fresenius*, 721 F.3d at 1346. The collateral estoppel argument appears to be based on two different theories, neither of which is questioned by C-Cation. The first theory is that the PTAB's decision finding the asserted claims unpatentable constitutes a final judgment, which gives rise to collateral estoppel in this case. *See* Dkt. No. 173 at 7 n.6 (citing *B&B Hardware*, 135 S. Ct. at 1301-05). The second theory is that the Federal Circuit's judgment affirming the PTAB's decision is itself a final judgment that gives rise to collateral estoppel. *See id.* at 7 (citing *U.S. Ethernet Innovations, LLC v. Texas Instruments Inc.*, 645 Fed. App'x 1026, 1029-30 (Fed. Cir. 2016).

For collateral estoppel to apply, the first tribunal must have decided the same issue being litigated in the second proceeding, and other elements must also be met. *B & B Hardware*, 135 S. Ct. at 1303 (citing Restatement (Second) of Judgments § 27, p. 250 (1980)). Neither the issue nor the applicable standard needs to be identical, however. *See id.* at 1306-07. "[M]inor variations in the application of what is in essence the same legal standard do not defeat preclusion." *Id.* at 1307 (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011)).

With respect to defendants' first theory—that collateral estoppel is triggered by the PTAB's finding of unpatentability—the unstated assumption is that the PTAB and this Court are confronted with the same issue, i.e., patent validity. Unlike the PTAB, however, a district court does not give claims their broadest reasonable interpretation, and also unlike the PTAB, this Court does not apply the preponderance of the evidence standard to determine whether a patent claim is

invalid, but rather applies the clear and convincing evidence standard. *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2142-44 (2016). For defendants' first collateral estoppel theory to succeed on the merits, it must be true that these differences are nothing more than "minor variations in the application of what is in essence the same legal standard." *See B&B Hardware* 135 S. Ct. at 1307 (citation omitted). Such a conclusion is justified when compared to the differences—found to be "minor" by the Supreme Court in *B&B Hardware*—between the likelihood of confusion standards applied by the Trademark Board and district courts. *See id.*

Defendants second theory—that the Federal Circuit's judgment affirming the PTAB's finding gives rise to collateral estoppel—rests on a similar unstated assumption. Namely, that the issue decided at the Federal Circuit is the same as the issue to be decided here, i.e., patent validity. The Federal Circuit was of course only deciding whether substantial evidence supports the PTAB's finding of unpatentability. *See CRFD Research, Inc. v. Matal*, No. 2016-2198, 2017 WL 6002755, at *4 (Fed. Cir. Dec. 5, 2017). This difference must therefore be only a "minor variation" in the application of the legal standard to the validity question. *See B&B Hardware*, 135 S. Ct. at 1307. Such a conclusion is also not unreasonable. *See id.*

Regardless of the merits of defendants' arguments, C-Cation does not dispute whether collateral estoppel is triggered by either the PTAB's decision or the Federal Circuit's decision. Nor does C-Cation test defendants' unstated assumptions regarding the "same" issue element of collateral estoppel, or any other element of collateral estoppel. *See* Dkt. Nos. 178 and 179. Defendants' arguments regarding collateral estoppel have been effectively conceded, and are therefore accepted by the Court.

Rather than test defendants' collateral estoppel arguments, C-Cation opposes lifting the stay (and opposes dismissal) for two reasons. The first is that the motion to dismiss should be

denied as moot *because* the case is stayed. *See* Dkt. No. 178 at 2. That argument ignores the point of lifting the stay—to dismiss the case. The second argument is that the case should remain stayed until the Supreme Court decides whether to grant C-Cation's petition for certiorari. The cert petition filed by C-Cation does not challenge the determination that the claims of the '883 patent are unpatentable. Rather it asserts, for the first time, the issues that will soon be decided by the Supreme Court in *Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, 639 Fed. Appx. 639 (Fed. Cir. 2016), *cert. granted in part*, 137 S. Ct. 2239 (2017), namely whether IPR proceedings violate the right to a jury trial.

Other courts have rejected C-Cation's argument. *See, e.g.*, *Leak Surveys, Inc. v. Flir Sys., Inc.*, No. 3:13-cv-02897-M, 2017 WL 5569196, at *2 (N.D. Tex. Nov. 13, 2017). More important, as Judge Bryson explained in *DietGoal*, when a case has been pending for as long as this one, "[t]here is an interest in bringing litigation to a close when the law permits that result." *DietGoal*, 70 F.Supp.3d at 816.

For these reasons, defendants' motion to lift the stay, Dkt. No. 172, is granted, and it is ordered that the stay in this case is lifted. It is further recommended[1] that defendants' motion to dismiss, Dkt. No. 173, be granted. C-Cation's complaint should be dismissed with prejudice.

**SIGNED this 19th day of December, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).